James H. Berry, Jr. (State Bar No. 075834)
Kevin R. Lussier (State Bar No. 143821)
BERRY & LUSSIER
A Professional Corporation
1901 Avenue of the Stars, Suite 1060
Los Angeles, California 90067
Telephone: (310) 557-8989
Facsimile:   (310) 788-0080
E-Mail:  jberry@bandlpc.com
E-Mail:  klussier@bandlpc.com
Attorneys for Plaintiffs, CHANEL, INC.
And TIFFANY (NJ), LLC

BEN ONYENACHO (State Bar No. 195727)
Law Offices of Ben Onyenacho
4311 Wilshire Boulevard., Suite 300
Los Angeles, California 90010
Tel: (323) 931-5511
Fax: (323) 931-4441
E-Mail: ben2225@sbcglobal.net
Attorney for Defendant HEIDY L. GERONIMO

JS-6

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., a New York corporation, and TIFFANY (NJ), LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiffs,<br>v.<br><br>HEIDY L GERONIMO a/k/a HEIDY TAN-GERONIMO a/k/a HEIDY TANN a/k/a HEIDY LIZZA TAN, an individual, d/b/a SPARKLES8888.COM and ARTISTNETTWORK, and DOES 1-10,<br><br>　　　　　Defendants. | Case No. CV-12-10910-ABC (CWx)<br><br>**[PROPOSED]** **CONSENT FINAL JUDGMENT FOR PERMANENT INJUNCTION** |

Plaintiffs Chanel, Inc., a New York corporation ("Chanel"), and Tiffany (NJ), LLC, a Delaware limited liability company ("Tiffany") (collectively "Plaintiffs") and Defendant, Heidy L. Geronimo a/k/a Heidy Tan-Geronimo a/k/a Heidy Tann a/k/a Heidy Lizza Tan, an individual, d/b/a sparkles8888.com and Artistnettwork ("Defendant") stipulate and consent to the following:

**WHEREAS**, Defendant adopted and began using trademarks in the United States which infringes and dilutes the distinctive quality of Chanel's registered trademarks as identified in Paragraph 8 of Plaintiffs' Complaint (the "Chanel Marks");

**WHEREAS**, Defendant adopted and began using trademarks in the United States which infringes and dilutes the distinctive quality of Tiffany's registered trademarks as identified in Paragraph 9 of Plaintiffs' Complaint (the "Tiffany Marks");

**WHEREAS**, Defendant's use of names and marks which are identical to, or substantially indistinguishable from the Chanel Marks and the Tiffany Marks is likely to cause confusion as to source or origin of the Defendant's products, and will further dilute the distinctive quality of the Chanel Marks and the Tiffany Marks;

**WHEREAS**, without the admission of any liability, the parties desire to settle and have amicably resolved their dispute to each of their satisfaction;

**WHEREAS**, based upon Chanel's good faith prior use of the Chanel Marks, Chanel has superior and exclusive rights in and to the Chanel Marks in the United States and any confusingly similar names or marks; and

**WHEREAS**, based upon Tiffany's good faith prior use of the Tiffany Marks, Tiffany has superior and exclusive rights in and to the Tiffany Marks in the United States and any confusingly similar names or marks.

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1. Defendant, Heidy L. Geronimo a/k/a Heidy Tan-Geronimo a/k/a Heidy Tann a/k/a Heidy Lizza Tan, an individual, d/b/a sparkles8888.com and Artistnettwork, and their officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from intentionally and/or knowingly:

    A.    manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the Chanel Marks and/or the Tiffany Marks (collectively, the "Plaintiffs' Marks");

    B.    using Plaintiffs' Marks in connection with the sale of any unauthorized goods;

    C.    using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiffs;

    D.    falsely representing Defendant as being connected with Plaintiffs, through sponsorship or association;

    E.    engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant are in any way endorsed by, approved by, and/or associated with Plaintiffs;

    F.    using any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant, including, without limitation, bags, wallets, scarves, sunglasses, protective covers for portable electronic devices, and jewelry, including, bracelets, earrings and necklaces bearing the Chanel Marks, and

BERRY & LUSSIER
A PROFESSIONAL CORPORATION

      bracelets, necklaces, pendants and earrings, and gift boxes bearing the Tiffany Marks;

  G. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's goods as being those of Plaintiffs, or in any way endorsed by Plaintiffs;

  H. offering such goods in commerce; and from otherwise unfairly competing with the Plaintiffs;

  I. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Plaintiffs' Marks; and

  J. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

  2. Plaintiffs shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure by Defendant to comply with any of the provisions hereof.  The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

  3. The causes of action between Chanel, Tiffany, and all Named Defendants are hereby dismissed, subject to the terms of the Settlement Agreement

between the parties. This Consent Final Judgment of Permanent Injunction shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

4. The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

5. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment of Permanent Injunction and the Settlement Agreement between the parties.

IT IS SO ORDERED.

DATED: December 30, 2013  _____
AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE